IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL DANIEL BOWMAN**,

        **Petitioner,**

v.                                                **CIVIL ACTION NO. 3:22-CV-33
(GROH)**

**SHAWN STRAUGHN**,

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This case was initiated on March 4, 2022, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner paid the $5.00 filing fee on April 4, 2022. ECF No. 11.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 636, 1915(e), and 1915(A). For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

Petitioner's procedural history includes Petitioner's conviction and sentence which were affirmed on appeal, the vacation of his conviction and sentence by the circuit court in a habeas proceeding, and subsequent reinstatement of the conviction and sentence following the State's appeal of the circuit court's decision.

### A. Petitioner's Conviction and Sentence in Marshall County Circuit Court

Petitioner is currently incarcerated[1] at the Northern Regional Jail in Moundsville, West Virginia, in the Northern District of West Virginia. Petitioner was charged on November 10, 2015, in two indictments issued in Marshall County, West Virginia, Circuit Court case numbers 15-F-59, and 15-F-60. Both indictments charged Petitioner with various sexual abuse and sexual assault offenses against juveniles, and each indictment addressed charges related to two separate victims, E.W., the victim in indictment 15-F-59, and H.S., the victim in indictment 15-F-60. ECF Nos. 19-3, 19-4. The indictments were consolidated for trial. On June 14, 2017, Petitioner was convicted of one count of sexual abuse by a custodian, one count of first degree sexual assault, and three counts of first degree sexual abuse. ECF Nos. 19-1 at 4, Docket Entry 170; 19-2 at 4, Docket Entry 167. Petitioner was sentenced to an aggregate sentence of not less than 28 nor more than 70 years on July 5, 2017.[2] ECF Nos. 19-1 at 4, Docket Entries 176, 183; 19-2 at 4, Docket Entries 173, 180.

### B. Direct Appeal in West Virginia Supreme Court of Appeals

Petitioner filed a notice of appeal on August 11, 2017. ECF Nos. 19-1 at 4, Docket Entry 186; 19-2 at 4, Docket Entry 182. By unpublished opinion, the West Virginia Supreme Court of Appeals, in that court's docket number 17-0698, affirmed the sentencing order of the circuit court. ECF No. 19-5[3], State v. Bowman, 2018 WL 6131290 (Nov. 21, 2018).

---

[1] See https://apps.wv.gov/ois/offendersearch/doc.

[2] Petitioner's sentence was imposed at his sentencing hearing on July 5, 2017, however, the sentencing order was not entered or filed with the Clerk until July 20, 2017.

[3] The decision of the West Virginia Supreme Court of Appeals was issued on November 21, 2018, but not filed with the Marshall Circuit Clerk until December 6, 2018.

### C. Petitioner's State Habeas Petition in Marshall County Circuit Court

On December 17, 2018, Petitioner then filed a state habeas corpus petition in Marshall County Circuit Court in case number 18-C-264.  ECF No. 19-9.  On August 14, 2020, Petitioner filed his fifth amended petition for habeas corpus.  ECF Nos. 19-9, docket number 54; 19-10.  An evidentiary hearing was held on April 13 and April 14, 2021, [ECF Nos. 19-14, 19-15], and the court determined that the presentment of evidence to the grand jury included "non-remedial" fatal flaws which merited dismissal of both indictments.  ECF No. 19-15 at 11 – 24.  Accordingly, the Circuit Court dismissed with prejudice both indictments, vacated Petitioner's convictions, ordered Petitioner's release from custody, directed that Petitioner not be registered as a sex offender, and ordered expungement of Petitioner's record.  Id. at 22:13 – 23:22.  The Circuit Court issued an order and a separate administrative order[4], both entered April 28, 2021, confirming its April 14, 2021, rulings.  ECF Nos. 19-16, 19-17.

### D. State's Appeal to Supreme Court of Appeals of West Virginia

The State appealed from the Circuit Court's ruling in 18-C-264 by filing a notice of appeal in Supreme Court of Appeals docket number 21-0402, and an emergency petition for a writ of prohibition in Supreme Court of Appeals docket number 21-0401, on May 17, 2021.  ECF Nos. 19-18, 19-21.  On August 6, 2021, the Supreme Court of Appeals granted Petitioner's motion to stay the appeal in docket number 21-0402 until the petition for writ of prohibition in docket number 21-0401 was ruled upon.  ECF No. 19-19.

The Supreme Court of Appeals granted the petition for a writ of prohibition on November 16, 2021.  ECF No. 19-23.  The Court's opinion found clear error in the circuit

---

[4] The Administrative Order was entered April 28, 2021, *nunc pro tunc* as of April 14, 2021.  ECF No. 19-17 at 2.

court's decision, granted the writ requested, and vacated *in toto* the orders entered by the circuit court. Id. at 22. Further, the Supreme Court of Appeals wrote that, "[b]ecause this opinion reinstates criminal convictions, in the interest of public safety, we direct the circuit court to expedite this matter and The Clerk of Court to issue the mandate forthwith." Id.

On January 20, 2022, the Supreme Court of Appeals dismissed the appeal in 21-0402 as moot based on the Court's November 16, 2021, ruling in State ex rel. State v. Hummel, No. 21-0401. ECF No. 19-20.

### E. Petitioner's Second State Habeas Petition in Marshall County Circuit Court

Petitioner filed a second state habeas corpus action in Marshall County Circuit Court case number 22-C-4, on January 6, 2022. ECF Nos. 19-27, 19-28. That action remains pending in Marshall County Circuit Court. ECF No. 19-27.

### F. Instant Federal Habeas Petition

This case was initiated on March 4, 2022, by the pro se Petitioner who filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction and sentence in the Circuit Court of Marshall County, West Virginia. ECF No. 1. Following the March 4, 2022, issuance of a notice of deficient pleading, the Petitioner refiled his petition on the Court-approved form on March 14, 2022, with additional pages. ECF Nos. 5, 5-1. The Petitioner alleges six errors as a basis for relief: (1) there was intentional grand jury fraud [Id. at 6]; (2) there was prosecutorial misconduct [Id. at 8]; (3) there was police misconduct [Id. at 11]; (4) he received ineffective assistance of counsel at trial and on appeal [ECF Nos. 5 at 14; 5-1 at 3]; (5) there was perjured testimony presented at pretrial 404(b) and McGinnis hearings [ECF No. 5-1 at 4]; (6) there were unconstitutional grand jury and petit jury [Id. at 4]. Petitioner asks the Court to order

4

"immediate release from his unconstitutional confinement, dismiss the fraudulent indictments w[ith] prejudice, and expunge these (false) crimes from [his] record and name." ECF No. 5 at 20.

On June 23, 2022, Respondent filed a motion to dismiss, along with exhibits, and a memorandum in support thereof. ECF Nos. 19, 19-1 through 19-28, 20. Respondent argues that the petition should be dismissed because Petitioner has not exhausted his state remedies. ECF No. 20 at 10. Respondent asserts that Petitioner concedes in his petition that his claims are not exhausted because: (1) Petitioner admits raising the same issues raised here in his second state habeas corpus proceeding, which remains pending; and (2) Petitioner explains that his claims are unexhausted because he received absolute relief on April 14, 2021. Id. at 12 – 13.

Petitioner filed a response on July 1, 2022, wherein he asserts that the West Virginia Supreme Court of Appeals "stripped [the circuit judge] of his power and authority . . . by granting the State's writ of prohibition." ECF No. 23 at 1 – 2. Petitioner argues that "though he has not exhausted all his grounds in the state court, . . . that last year Judge David Hummel granted absolute relief in habeas no. 18-C-264." Id. at 1. Petitioner concludes by asking this Court to "either allow this petition to proceed . . . or preserve [his] right to a future federal habeas petition." Id. at 3.

### III.   LEGAL STANDARD

#### A.   Petitions for Relief Under 28 U.S.C. § 2254

Under 28 U.S.C. § 2254, a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct 1495 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429, U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 – 21 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light

most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV. ANALYSIS

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

9

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. See also Howell v. Mississippi, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, Petitioner has filed two petitions for habeas corpus relief in the state court of his conviction, Marshall County Circuit Court. The first petition for habeas corpus, filed in 18-CV-264, was granted, and Petitioner was granted relief, including release from custody, dismissal of charges, and expungement of his records. ECF Nos. 19-16, 19-17. However, that writ of habeas corpus was later overturned by the Supreme Court of Appeals which granted the State's request for a writ of prohibition in docket number 21-0401. ECF No. 19-23. The Supreme Court of Appeals' opinion vacated the order of the circuit court *in toto*, thereby reinstating Petitioner's conviction and sentence. Id.

Thereafter, Petitioner sought a second writ of habeas corpus in Marshall County Circuit Court in case number 22-C-4, which case Petitioner concedes remains pending. ECF Nos. 5 at 9 – 10, 11, 13, 15, 17; 23 at 1. Accordingly, it is clear that Petitioner has failed to obtain a final judgment on his second request for habeas corpus relief in 22-C-4 from the Marshall County Circuit Court, followed by final judgment from the Supreme Court of Appeals of West Virginia.

Because Petitioner has failed to both obtain a habeas corpus judgment in 22-C-4 in the appropriate state circuit court in Marshall County, and appeal any adverse ruling to the Supreme Court of Appeals of West Virginia, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, this Court lacks jurisdiction and it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the Petitioner's petition [ECF No. 5] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 19] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 16, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE